UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DIONNE,
#186806
    Plaintiff,                                   Civil Action No. 2:11-CV-10602
v.                                             HONORABLE VICTORIA A. ROBERTS
                                                   UNITED STATES DISTRICT COURT
BARBARA SAMPSON, et. al.,
    Defendants,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. Introduction

Before the Court is Plaintiff Michael Dionne's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at the Thumb Correctional Facility in Lapeer, Michigan. For the reasons stated below, the complaint is **DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

### II. Standard of Review

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

A *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 (E.D. Mich. 1994)(citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); that is, such complaints are held to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such complaints, however, must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief. Fed.R.Civ.P. 12(b); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III. Complaint

Plaintiff pleaded guilty to second-degree murder in 1986.  As part of the plea bargain, the prosecutor and Plaintiff agreed that Plaintiff would receive a life sentence with parole eligibility consideration after ten calender years.

On June 17, 1996, Plaintiff came under the jurisdiction of the Michigan Parole Board to be considered for parole eligibility.  Although Plaintiff was given a face to face interview with a parole board member, he was informed that he should not "get his hopes up" that he would be released on parole.  Two weeks later, Plaintiff receive a "no interest" notice from the Parole Board and a review date of his case in five years.

Plaintiff's parole eligibility was reviewed by the Michigan Parole Board again in 2001 and 2006.  On both occasions, the Parole Board informed Plaintiff that they had no interest in releasing him on parole.

In October 2009, Plaintiff was given a face to face interview in compliance with Judge Marianne O. Battani's decision in *Foster-Bey v. Rubitschun*, No. 05-71318 (E.D.Mich. Oct. 27, 2007).  Plaintiff was again given a "no interest" notice and was informed that he would again be eligible for parole eligibility review in June of 2011.

Plaintiff claims that the plea bargain entered into by him with the prosecutor in 1986, in which the parties agreed that he would receive a life sentence with parole eligibility consideration after ten years in prison, has created a liberty interest in Plaintiff being paroled from his sentence.  Plaintiff seeks a declaratory and injunctive relief, as well as monetary damages.

### IV. Discussion

A prisoner may challenge the procedures used by a parole board to deny him or her parole under § 1983, when a prisoner is not claiming immediate entitlement to parole. *See Wilkinson v. Dotson*, 544 U.S. 74, 83 (2005); *See also Thomas v. Eby*, 481 F. 3d 434, 439-40 (6th Cir. 2007)(a plaintiff's challenge to parole procedures may proceed under § 1983 because it does not automatically imply a shorter sentence). Therefore, Plaintiff's action is properly before this Court.

There is no constitutional right of a convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *See also Board of Pardons v. Allen*, 482 U.S. 369, 377, n. 8 (1987). Stated more succinctly, there is no federal constitutional right to be paroled. *See Gavin v. Wells*, 914 F. 2d 97, 98 (6th Cir. 1990); *Lee v. Withrow*, 76 F. Supp. 2d 789, 792 (E.D. Mich. 1999).

In Michigan, a prisoner's release on parole is discretionary with the parole board. *Lee*, 76 F. Supp. 2d at 792 (citing to *In Re Parole of Johnson*, 235 Mich. App. 21; 596 N. W. 2d 202, 204 (1999)). The Michigan parole statute therefore does not create a right to be paroled. *Id.; See also Hurst v. Department of Corrections Parole Bd.*, 119 Mich. App. 25, 29; 325 N.W. 2d 615 (1982). Because the Michigan Parole Board has the discretion whether to grant parole, a prisoner does not have a protected liberty interest in being paroled prior to the expiration of his or her sentence. *Canales v. Gabry*, 844 F. Supp. 1167, 1171 (E.D. Mich. 1994); *Hurst,* 119 Mich. App. at 28. M.C.L.A. 791.233,

Michigan's parole statute, does not create a protected liberty interest in parole, because the statute does not place any substantive limitations on the discretion of the parole board through the use of particularized standards that mandate a particular result. *See Johnson v. Renico,* 314 F. Supp. 2d 700, 713 (E.D. Mich. 2004)(internal citation omitted). Plaintiff therefore does not "have a sufficient liberty interest in his future parole release to be entitled to due process in his parole release proceedings." *Id.* (quoting *Sharp v. Leonard*, 611 F. 2d 136, 137 (6th Cir. 1979)). Thus, where a prisoner has no state created liberty interest in being paroled, he or she may not challenge the procedures used to deny him or her parole. *Johnson,* 314 F. Supp. 2d at 713. Because Plaintiff had no protected liberty interest in parole, he has no right to expect the parole board to follow state procedural rules as a matter of federal due process. *Id.*

Plaintiff claims that the Michigan Parole Board violated the plea bargain entered into between himself and the prosecutor by refusing to release him on parole. "Plea agreements are contractual in nature, and as such, courts are guided by general principles of contract interpretation when construing plea agreements." *United States v. Moncivais,* 492 F.3d 652, 662 (6th Cir. 2007). Plaintiff is unable to show that his plea bargain was breached because he has failed to allege or to prove that the Parole Board was a party to the plea agreement. *See Atkins v. Davison,* 687 F. Supp. 2d 964, 976 (C.D. Cal. 2009); *Keller v. U.S. Parole Com'n*, 768 F. Supp. 290, 292 (D. Or. 1991). A parole board's awareness of or its disinclination to adopt the terms and conditions of a plea agreement is irrelevant in determining whether the prosecution met its commitment under a plea

5

bargain agreement that it had entered into with a defendant. *See Cohen v. United States,* 593 F. 2d 766, 772 (6th Cir. 1979). Indeed, "because the determination of parole eligibility is a separate phase of the criminal justice process, plea agreements that bind the prosecution with respect to the filing of additional criminal charges or sentencing recommendations do not, absent a clear intent to the contrary," bind the decisions of a parole board in determining a prisoner's parole eligibility. *See Augustine v. Brewer*, 821 F. 2d 365, 369, n. 2 (7th Cir. 1987). Plaintiff has therefore failed to state a claim upon which relief can be granted.

## V. Conclusion

**IT IS ORDERED** that Plaintiff's complaint is **DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED,** pursuant to 28 U.S.C. § 1915A(e)(2) and 28 U.S.C. § 1915(A).

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: February 23, 2011

The undersigned certifies that a copy of this document was served on the attorneys of record and Michael Dionne by electronic means or U.S. Mail on February 23, 2011.

s/Carol A. Pinegar
Deputy Clerk